IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDRES ARMANDO RAMOS IRIZARRY,

    Plaintiff,

v.                                              CIVIL NO. 97-1049 (RLA)

FERNANDO RIVERA VARELA, et al.,

    Defendants.

### MINUTES OF SETTLEMENT CONFERENCE
### HELD ON AUGUST 25, 1999

    At the SETTLEMENT CONFERENCE held on **August 25, 1999** from **3:40 p.m. to 4:00 p.m.** plaintiff was represented by JOSE A. SOSA-LLORENS, ESQ., codefendants ANGELA and ANGEL RAMOS IRIZARRY by JOSE VAZQUEZ GARCIA, ESQ. and codefendants MR. & MRS. FERNANDO RIVERA VARELA by CHARLES E. FITZWILLIAM, ESQ.

    The parties advised that they had been engaged in settlement negotiations. They wish to divide the property at issue allocating to plaintiff the corresponding percentage. Plaintiff's counsel indicated that the proposal was agreeable in principle provided that his client would not receive the worst area and proper access/easement be guaranteed.

    MR. FITZWILLIAM voiced his concern regarding the viability of recording the original deed dating back to December 1990 which provided for the "agrupacion" and "segregacion" of various lots of

the estate which included the property in dispute. Some parcels belonging to the estate had never been recorded in the Registry of Property which required the institution of "expedientes de dominio" proceedings. MR. FITZWILLIAM is not certain that these proceedings have concluded. Counsel is concerned that all the necessary information is available to ensure the recordation of his clients' title. Thus, it is his opinion that the original deed must be recorded, a surveyor must establish the boundaries, a deed of sale and partition of the parcel of land be prepared and then recorded.

The court inquired who would pay for the services of the surveyor. MR. FITZWILLIAM suggested that the surveyor be paid with the purchase monies still retained by his clients.

MR. FITZWILLIAM proposed that the parties enter into a stipulation to be approved by the court and for the court to retain jurisdiction until all terms and conditions have been satisfied.

The parties agree that the first step is to record the original deed of December 1990. MR. FITZWILLIAM indicated that the purchasers have no control over ROSARIO MAISONET, ESQ., the notary public. The purchasers are willing, in order to speed up the process, to pay for the recordation "sellos" even though it is not their duty.

As part of the settlement, plaintiff must return the initial $25,000.00 paid by the purchasers. Payment was made via a certified check issued in plaintiff's name which apparently was never cashed by

plaintiff and is probably stale. Counsel for the purchasers advised that the return of this check is unacceptable.

In the event that the parties are able to reach an agreement to dispose of this action, plaintiff shall pay the purchasers $25,000.00 **on or before September 30, 1999.**

The settlement stipulation shall be filed **on or before October 15, 1999.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 31 day of August, 1999.

RAYMOND L. ACOSTA
United States District Judge