IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
'00 MAY -9 AM 8 43
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

1

2  ANDRES ARMANDO RAMOS IRIZARRY,        '

3       Plaintiff,                       '

4       v.                               '        CIVIL NO. 97-1049 (RLA)

5  FERNANDO RIVERA VARELA, et al.,       '

6       Defendants.                      '

7                                        '

8  ─────────────────────────────────────

9              **MINUTES OF STATUS CONFERENCE**
                **HELD ON MAY 3, 2000**
10

11      At the STATUS CONFERENCE held on May 3, 2000 from 5:00 p.m. to

12  5:30 p.m. plaintiff was represented by JOSE A. SOSA-LLORENS, ESQ.,

13  codefendants ANGELA and ANGEL RAMOS IRIZARRY by JOSE VAZQUEZ GARCIA,

14  ESQ. and codefendants MR. & MRS. FERNANDO RIVERA VARELA by CHARLES E.

15  FITZWILLIAM, ESQ.

16      Counsel advised that they had agreed on the terms of the

17  settlement stipulation to be filed in this case subject to approval

18  of their respective clients.  The pertinent modifications to the

19  drafts exchanged by the parties were informed to the Court.  The only

20  issue submitted to the Court for resolution was a conflict between

21  plaintiff and the RAMOS-IRIZARRY defendants regarding payment of the

22  survey-related costs involved.  The Court ORDERED that plaintiff

23  should be responsible for payment of 50% of these expenses and the

24  RAMOS-IRIZARRY defendants should pay 25% each.

25

26

AO 72
(Rev 8/82)

CIVIL NO. 97-1049 (RLA)                                          Page 2

Counsel for plaintiff submitted a revised and final version of the stipulation which is attached hereto as APPENDIX A.

The duly executed stipulation shall be filed **no later than May 22, 2000.** The parties are admonished that failure to comply shall result in the imposition of sanctions including but not limited to the imposition of sanctions against counsel personally.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 4th day of May, 2000.

RAYMOND L. ACOSTA
United States District Judge

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ANDRES ARMANDO RAMOS IRIZARRY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 97-1049 (RLA) |
| v. | ) | |
| | ) | |
| FERNANDO RIVERA VARELA, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## STIPULATION FOR CONSENT JUDGMENT

TO THE HONORABLE COURT:

COME NOW, plaintiff Andrés A. Ramos Irizarry ("plaintiff"), defendants Fernando Rivera

Varela and Yalixa Cruz Rosado and their conjugal partnership ("the Rivera defendants") and

defendants Angela Arminta Ramos Irizarry and Angel Alexis Ramos Irizarry ("the Ramos

defendants"), through their respective undersigned attorneys and very respectfully set forth and pray

as follows:

1.    The parties have agreed to settle their differences pursuant to the terms and

conditions contained in this Stipulation for Consent Judgment, as expressed hereinafter.

2.    The Rivera Defendants acknowledge that pursuant to the settlement conference

held on August 25, 1999, plaintiff, as part of the settlement had to return the initial $25,000.00

paid by the Rivera defendants.  The Rivera defendants further acknowledge that pursuant to an

order of the Court, dated October 6, 1999, Banco Santander Puerto Rico reissued check

#1278300, which was in the amount of $25,000.00 and payable to Dr. Andrés A. Ramos Irizarry,

for another check in the same amount payable to Fernando Rivera Varela and the check was

provided to Fernando Rivera Varela prior to the signing of the stipulation in compliance with the court directives.

3.    The parties have agreed that the parcel of property subject of this litigation must be partitioned and segregated between plaintiff on one hand and the Ramos defendants on the other. Plaintiff will receive one third ("1/3") of the property and the Ramos defendants will receive the remaining two thirds ("2/3") of the property..

4.    The property that plaintiff will receive, as a result of the partition and segregation, will be the southern portion of the subject property and have as its boundaries, the demarcation lines of Parcel 4-B which consists of 7.589007 cuerdas) in its southern and western segments and in accordance to the existing segregation plan of which a reduced copy is attached to this document. Plaintiff's property will also be demarcated by the southern and eastern segments of Parcel 4-B, and if required also with the demarcation lines of the Estate of González Colmenero.

5.    Plaintiff and the Ramos defendants will be responsible, fifty percent (50%) plaintiff and fifty percent (50%) the Ramos defendants, for the payment of the expenses of the land survey and preparation of the plot plans for the partition and for all the expenses that may be incurred for the obtention of the required permits to segregate the land.

6.    Plaintiff and the Ramos defendants will further be responsible, equally and per capita, for the payment of any and all expenses necessary to present to the Registry of the Property the matrix deed number 86 dated December 1, 1990, wherein they obtained title to the subject property.

7.    The parties further agree that a Deed of Segregation will be prepared, to have the segregated portions of land be presented to the Registry of Property. One third of the land will be presented and recorded to the name of plaintiff and two thirds will be presented and recorded to the names of the Ramos defendants. Plaintiff and the Ramos defendants, will be responsible, equally

and per capita, for the payment of the stamps, notarial and recordation fees of said deed, along with any municipal or property taxes owed. Plaintiff shall reimburse the Ramos defendants for any property tax payments made by them to cover his share of the property from the period of June 1995 to the date hereof and that reimbursement shall be subject to the showing of evidence by the Ramos defendants that said amount have actually have been paid by them. Prior to the request of reimbursement, the Ramos defendants shall file with the Court informative motions showing the aforementioned evidence.

8.    After the Segregation Deed has been executed, the Ramos defendants will execute a Sales Deed wherein they will appear to sell their interest in their segregated portion, to the Rivera defendants, premised upon their agreed upon price in their contract of June 17, 1995. The Ramos defendants will bear the cost of the deed stamps of notarial fees for the Deed of Sale and the Rivera defendants will bear the cost of the certified copy and the recordation fees at the Registry of the Property of said Sales Deed.

9.    It is agreed between plaintiff and the Rivera defendants, that if plaintiff as a result of the partitioning of the property can not access his property through the use of the existing public road, which is used to access other parcels of land, the Rivera defendants, in accordance with our Civil Code, will provide plaintiff with an access easement, at his (plaintiff) own cost.

10.    It is further agreed by the parties that the Rivera defendants will be provided with a recordable title to their property, free and clear of any liens and/or encumbrances, which will allow them to record their title to said property at the Registry of the Property.

11.    It is further agreed that plaintiff and the Ramos defendants will execute all necessary documents, private or public, which may be required by the Registry of the Property or any other governmental body in order to record any of the aforementioned deeds to be presented to the

Property Registry and in particular the Sales Deed to be executed by the Ramos Defendants, provided however, that plaintiff's execution of the aforementioned documents shall not be construed as consent to, confirmation or ratification of the Sales Deed and Sales Contract executed by the Rivera defendants in 1995.

12.    It is further agreed that once the Sales Deed has been presented to the Registry, the Ramos Defendants will be paid the balance of the contract price as specified further ahead in this document in paragraph 15.

13.    The Rivera defendants entered into the purchase of the subject property based on the representation by the Ramos defendants that plaintiff also concurred with its sale. As a result of the captioned litigation, the Rivera defendants were forced to incur into substantial legal expanses in defending themselves and have made claim for said expenses to the Ramos defendants.

14.    In exchange for a general release from the Rivera defendants and without this stipulation being construed in any way whatsoever as an admission of fault or liability, the Ramos defendants have offered to discount $5,000.00 from the balance of the purchase price pending payment. The Rivera defendants have accepted such offer.

15.    Pursuant to the Sales Contract dated June 17th 1995, and based on the initial payment of $75,000.00 and taking into consideration the reduction in size of the property to be conveyed, the pending purchase price to e paid to Angela Ramos would be $16,666.66 and to Angel Alexis Ramos a similar amount of $16,666.66. Taking into consideration the discount for the general release above stated, the pending sales price to be paid is adjusted to Angela Ramos to be $14,166.67 and to Alexis Ramos also in the same amount of $14,166.67.

16.    In view of the preceding agreement the Rivera defendants, hereby agree to release and forever discharge the Ramos defendants from any and all actions, causes of actions, claims and or

demands whatsoever in law or equity, presently existing, unasserted or not, against the Ramos defendants, and their respective heirs, successors and assigns arising out of the events giving rise to the captioned case. The effective date of this release and discharge shall begin once the Sales Deed has been presented and good title of the Rivera defendants has been recorded at the pertinent Registry of the Property.

17.    It is also agreed between all the parties that the Court will retain jurisdiction as established in paragraph 20 below in the captioned case until it is notified, by the Rivera defendants, that there has been full compliance with all the terms and conditions as set forth in this stipulation.

18.    Angela Araminta Ramos Irizarry represents and warrants to plaintiff that she has used certain power of attorney executed by plaintiff on June 25, 1981 before notary Dorothy L. Wright in the State of Maryland, which has been expressly revoked in writing by plaintiff on January 4, 1996 (the "Power of Attorney") only for the purpose selling the property subject to this litigation and the sale of her parents house.

19.    The Rivera defendants represent and warrant to plaintiff that during their possession of the property subject of this litigation they have not engaged in any activity that would result in liability to plaintiff arising from environmental law violations. In addition the Rivera defendants shall indemnify and hold harmless plaintiff for any and all liabilities resulting from their possession of the property prior to the execution of the segregation deed.

20.    Plaintiff and the Ramos defendants represent an warrant to the Rivera defendants that at all times during the time they have been in possession of the property subject of this litigation they have not engaged in any activity and are not aware of any activity that would result in any type of liability arising from environmental law violations. In addition plaintiff and the Ramos defendants shall indemnify and hold harmless the Rivera defendants for any and all liabilities resulting from

their possession of the property prior to the transfer to the Rivera defendants.

21.    The parties agree that the Judgment to be entered pursuant to this Stipulation, subject to the exception in paragraphs nineteen (19) and twenty (20), shall be firm, final and unappealable, once it is entered on the docket, and to be considered as res judicata of any claims arising out of this captioned matter which were made or could have been made by any of the parties to this action, including but not limited to litigation expenses and attorney fee's, with the exception that the Court will retain jurisdiction in the case until there has been full compliance with the terms of the stipulation.  The parties further consent for the Court to dictate whatever remedies it deems appropriate if there is noncompliance by any of the parties to this Stipulation. Notwithstanding the preceding, the applicable party and/or parties shall have the right to bring any and all actions or proceedings for violations or misrepresentations of paragraphs 18, 19 and 20 above.

22.    The parties further agree this Stipulation for Consent Judgment contains the entire agreement and that there are no other express or implied promises or conditions. Furthermore, no additional promises, agreements or conditions will be entered into unless in writing and signed by the parties.

23.    The attorneys for the parties represent that they have explained the contents of this document to their respective clients and that each attorney has been duly authorized by their respective clients to enter into this Stipulation for Consent Judgment.  Each attorney will initial every page of this document as evidence of his acceptance of its contents on behalf of his respective client.

WHEREFORE, it is respectfully requested of this Honorable Court to approve this Stipulation for Consent Judgment and in its consequence issue a Consent Judgment adopting and incorporating by reference all its terms and provisions.

Respectfully submitted, in San Juan, Puerto Rico this 22nd day of May of 2000.


JOSE ALBERTO SOSA, ESQ.
USDC-PR 208602
Attorney for Plaintiff
100 La Sierra Ave., Box 95
San Juan, Puerto Rico 00926
Ph. 759-3178 fax. 759-3108


CHARLES E. FITZWILLIAM, ESQ.
USDC-PR 120602
Attorney / Rivera Defendants
1719 Ponce de Leon Avenue
San Juan, Puerto Rico 00909-1905
Ph. 727-2727


JOSE VAZQUEZ-GARCIA, ESQ.
USDC-PR 201002
Attorney for the Ramos Defendants
Garden Hills Plaza, PMB # 306
1353 Carr. Num. 19
Guaynabo, Puerto Rico 00966-2700